# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**           ) | |
| ) | |
| vs.           ) | 2:06-CR-00245-SLB-SGC-1 |
| ) | |
| **RYAN MCCORD CLARK,**           ) | |
| ) | |
| **Defendant.**           ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Defendant Ryan McCord Clark's "Emergency Motion to Modify Sentence." (Doc. 36).[1]  In his motion, Mr. Clark seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) because he has health conditions that put him at elevated risk from the current COVID-19 pandemic.  (*Id.*).  After reviewing Mr. Clark's motion, the court finds that he is not entitled to compassionate release because the application of the sentencing factors set forth in 18 U.S.C. § 3553(a) does not support his early release.

As background, in 2006 Mr. Clark pled guilty to one count of attempting to employ, use, persuade, induce, entice or coerce minors to engage in sexually explicit conduct for the purpose of producing child pornography; one count of offering to purchase or otherwise obtain custody and control of minors for the

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.  Page number citations refer to the page numbers assigned to the document by the court's CM/ECF electronic filing system.

purpose of producing child pornography; one count of transporting child pornography; one count of possession of child pornography; and one count of traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with another person. (Doc. 22). Mr. Clark's plea agreement shows that he possessed child pornography and travelled from Maryland to Birmingham, Alabama with the intent of engaging in criminal sexual conduct with children and producing child pornography; however, unbeknownst to Mr. Clark, he had actually been corresponding with undercover law enforcement and was arrested upon his arrival. (Doc. 17).

The court sentenced Mr. Clark to a total sentence of 360 months' imprisonment. (Doc. 22). At sentencing, the court noted that crimes against children are particularly egregious. (Doc. 34 at 6). The court also emphasized that, although there were no actual victims in this case, Mr. Clark did not know that. (*Id.*). The court conceded that Mr. Clark's 30-year sentence was very high, but considered the factors set forth in Section 3553(a) and determined that a 30-year sentence was adequate and appropriate for Mr. Clark's "extremely serious crimes." (*Id.* at 8–9).

Mr. Clark is currently incarcerated at Texarkana FCI with a scheduled release date of December 8, 2031. *See* https://www.bop.gov/inmateloc/ (last visited March 8, 2021). He has served roughly half of his sentence. (Doc. 36 at

2

38). As of March 8, 2021, Texarkana FCI had 3 active inmate cases of COVID-19 and 20 active staff cases. *See* https://www.bop.gov /coronavirus/ (last visited March 8, 2021).

In his motion for compassionate release, Mr. Clark requests that the court reduce his sentence to time served because he has multiple medical conditions that make him particularly vulnerable to the current COVID-19 pandemic. (Doc. 36). He states that he suffers from atrial fibrillation, hypertension, high cholesterol, and chronic neuropathic pain, all of which increase the likelihood that he will contract a severe case of COVID-19. (*Id.* at 4). He notes that some of his conditions are controlled via medication, but states that the control is precarious if he remains in prison. (*Id.* at 4–5). He further asserts that the prison environment makes the spread of COVID-19 very difficult to control. (*Id.* at 5, 10–11). Mr. Clark states that he did not properly exhaust his administrative remedies before filing his motion for compassionate release, but argues that the court should equitably excuse that failure because attempting to exhaust his remedies would be futile and would cause him irreparable harm. (*Id.* at 6–9). Mr. Clark asserts that he should be released because he is not a danger to the community, as he was a first-time offender, his offenses were nonviolent, and his offenses involved a fictitious victim. (*Id.* at 11–16). He argues that the Section 3553(a) factors support his early release because his "offenses were a classic example of [a] particular type of sting

3

operation." (*Id.* at 14).

The government filed a response in opposition, arguing that Mr. Clark had not shown entitlement to relief. (Doc. 44). The government argues that Mr. Clark's underlying health conditions do not qualify as extraordinary and compelling reasons warranting early release. (*Id.* at 8–12). The government also asserts that Mr. Clark has not shown that he would be less likely to contract the virus if he were released from prison. (*Id.* at 12). Finally, the government argues that the application of the Section 3553(a) factors weighs heavily against Mr. Clark's release because of the seriousness of his crimes. (*Id.* at 12–16).

Mr. Clark filed a reply, arguing that he is not safe from COVID-19 in prison and that prisons have not taken adequate steps to effectively control the spread of COVID-19. (Doc. 47 at 2–4). He further argues that his obesity, hypertension, and atrial fibrillation, combined with his presence in prison, create an elevated risk of contracting a severe case of COVID-19, which constitutes an extraordinary and compelling circumstance warranting compassionate release. (*Id.* at 4–7). Finally, Mr. Clark argues that the Section 3553(a) factors weigh in favor of his release because he has served more than half of his sentence and because the does not pose a high risk for recidivism. (*Id.* at 7–12). He argues that a just sentence should be based on facts, not fear. (*Id.* at 12).

Section 3582, as amended by the First Step Act, states that courts generally

cannot alter or modify a term of imprisonment after its imposition, but the court can reduce an inmate's term of imprisonment upon a motion for sentence modification from the Bureau of Prisons or from a prisoner, where the prisoner has properly exhausted his or her administrative remedies.  18 U.S.C. § 3582(c)(1)(A).  Here, Mr. Clark states that he has not properly exhausted his administrative remedies, and, instead, asks the court to equitably waive the administrative exhaustion requirement.

Here, the court need not address whether Mr. Clark exhausted his administrative remedies or whether any failure to exhaust administrative remedies should be waived.  First, the Eleventh Circuit has held that "Section 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional."  *United States v. Harris*, No. 20-12023, 2021 WL 745262, at *2 (11th Cir. Mar. 2, 2021).  Second, regardless of whether he exhausted his administrative remedies, Mr. Clark is not entitled to compassionate release.

Upon a prisoner's exhaustion of administrative remedies, Section 3582(c) allows a court to modify a defendant's sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable" *if* the court finds that "extraordinary and compelling reasons warrant such a reduction" *and* finds that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

Even assuming, without deciding, that Mr. Clark's combination of medical conditions—when considered in tandem with the difficulty controlling COVID-19 in prisons—constitute extraordinary and compelling circumstances warranting compassionate release, Mr. Clark still cannot show entitlement to relief under Section 3582(c)(1)(A) because consideration of the factors set forth in Section 3553(a) does not support his release. *See* 18 U.S.C. § 3582(c)(1)(A). Section 3553(a) requires courts to impose sentences that are "sufficient, but not greater than necessary" for a person's crimes, taking into consideration multiple factors. 18 U.S.C. § 3553(a). Those factors include, among other things, the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant. *Id.* Here, the factors do not support releasing Mr. Clark from prison at this time.

At Mr. Clark's original sentencing, the court noted that a 30-year sentence was sufficient but not higher than necessary for Mr. Clark's offenses because his crimes were extremely serious, as he intended to harm children. (Doc. 34). Mr. Clark now argues that his crimes were not so serious because he was caught as part of a sting operation that did not involve actual victims. (Doc. 36 at 12). However, as the court noted at Mr. Clark's original sentencing, Mr. Clark was not aware that

6

the potential victims were fictitious. (Doc. 34 at 6). Because of Mr. Clark's intent to harm real children, the fact that Mr. Clark was arrested as part of a sting operation does not mitigate the seriousness of his offenses or the need to punish and deter such behavior.

Mr. Clark has only served half of the sentence that this court originally imposed after considering the Section 3553(a) factors. Despite the dangers of COVID-19, a 15-year sentence is not sufficient to reflect the characteristics and seriousness of his offenses, especially where his crime was particularly egregious because of his intent to harm children. *See* 18 U.S.C. § 3553(a). A sentence of only half of his initially imposed sentence simply does not meet the aims of promoting respect for the law, providing just punishment, deterring criminal conduct, and protecting the public, as set forth in Section 3553(a). *See id.* Thus, the application of the Section 3553(a) factors does not support granting Mr. Clark compassionate release under Section 3582(c)(1)(A). *See* 18 U.S.C. § 3582(c)(1)(A).

Accordingly, Mr. Clark's motion for compassionate release, (doc. 36), is **DENIED**.

**DONE** and **ORDERED** this 8th day of March, 2021.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE